IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00077-RLV
(5:11-CR-00064-RLV-DSC-1)

| KORTNEY JERMAINE MADDOX, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255, and the Government's motion to dismiss. For the reasons that follow, Petitioner's § 2255 motion will be denied and dismissed.

I.   BACKGROUND

Petitioner was indicted by the Grand Jury in this District on seven counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts One through Seven), and one count of maintaining a dwelling for the purpose of distributing crack cocaine, in violation of 21 U.S.C. § 856(a)(1). (5:11-CV-00064, Doc. No. 1: Bill of Indictment). Petitioner entered into a written plea agreement with the Government and agreed to plead guilty to Count Six in exchange for the Government's agreement to dismiss the remaining seven counts in his Bill of Indictment. (Id., Doc. No. 18: Plea Agreement).

On June 12, 2012, Petitioner appeared with counsel for his Rule 11 hearing and he was placed under oath and following a thorough colloquy with Petitioner, the magistrate accepted the

1

guilty plea after finding that it was knowingly and voluntarily entered. (Id., Doc. No. 19: Acceptance and Entry of Guilty Plea).

A draft presentence report ("PSR") was prepared in advance of Petitioner's sentencing hearing. The probation officer calculated an adjusted offense level of 26 based on a drug quantity of 56.4 grams of crack cocaine that was involved in the distribution scheme, and a total offense level of 23 after adjusting for timely acceptance of responsibility and when considered with Petitioner's criminal history category of VI, Petitioner's Guidelines range was 92 to 115 months' imprisonment. (Id, Doc. 23: PSR ¶ 96). Petitioner was sentenced to a term of 92-months' imprisonment and he did not appeal. In this collateral proceeding, Petitioner raises three claims of ineffective assistance of counsel which will be addressed herein.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. Ineffective Assistance of Counsel

The Sixth Amendment of the U.S. Constitution provides that a defendant is entitled to the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of

2

reasonableness," and (2) the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

3

1. Presentence Report and Sentencing

Petitioner first contends that his counsel provided ineffective assistance by failing to "submit the appropriate motions and Sentencing Memorandums" prior to his sentencing hearing. (5:13-CV-00077, Doc. No. 1: Section 2255 Motion at 4). In support of this argument, Petitioner raises a host of complaints: Counsel failed to investigate or prepare for sentencing; counsel failed to properly investigate and challenge his prior criminal history; and counsel failed to present mitigating evidence.

At the outset of Petitioner's sentencing hearing the Court addressed Petitioner and confirmed that his guilty plea was knowing and voluntary, and Petitioner admitted that he was in fact guilty of the conduct charged in Count Six, and Petitioner affirmed that he was thoroughly satisfied with the services of his attorney. The Court reaffirmed acceptance of his guilty plea and proceeded to calculate Petitioner's Guidelines range which the Court found was 92 to 115 months in prison.

Petitioner's counsel argued for a downward departure from the Guidelines range to a sentence of 77-months' imprisonment, and he provided an extensive summary of Petitioner's family history which included the murder of his mother when he was 16-years-old which left him in the difficult position of having to care for his siblings. Counsel emphasized that the difficulty in caring for his siblings at such a young age coupled with the stress of no longer being able to focus on school, drove Petitioner to begin abusing drugs and alcohol and he consequently dropped out of high school and began making poor choices which led to numerous criminal convictions, many of which involved driving while impaired offenses or driving while license revoked. Counsel explained that Petitioner's lack of education made good jobs scarce and the

4

desire to provide for his siblings led Petitioner to make the ill-advised choice of dealing drugs in an effort to make money. In seeking leniency, counsel emphasized Petitioner's strong family ties and his ties to the community and moved that Petitioner be allowed to participate in any substance abuse program maintained by the Bureau of Prisons while he was incarcerated. Finally, counsel introduced Petitioner's family that was present for the sentencing hearing and several family members addressed the Court and spoke about Petitioner's strong support group and his ability to become rehabilitated; his potential to benefit from educational and vocational opportunities while serving his sentence; and the likelihood that he would become a productive member of society upon his release.

Petitioner's contention that his counsel failed to argue for a below-Guidelines sentence is clearly belied by the record. Petitioner's counsel made an impassioned, and reasoned argument for a downward departure during his sentencing hearing and he presented family members to the Court in an effort to emphasize his strong family ties and he endeavored to explain that Petitioner's extensive criminal history and the reason for his foray into drugs was the murder of his mother and the stress of trying to adequately care for his younger siblings.

In sum, Petitioner's counsel did an admirable job in presenting mitigating evidence during his sentencing hearing and the claim of ineffective of counsel will be overruled.

2. Proof of Prior Convictions

Petitioner argues here that his prior convictions, which were relied upon in calculating his criminal history category of VI, were not alleged in the Bill of Indictment. Petitioner concedes that controlling precedent forecloses his argument but he explains that he is simply trying to "preserve" this argument in the hopes that the Supreme Court will revisit the issue. As it is plain

that the Court may notice the fact of a prior conviction, this argument will be dismissed. See Alleyne v. United States, 133 S. Ct 2151, 2160 n.1 (2013) (noting Almendarez-Torres v. United States, 523 U.S. 224 (1998) recognized a specific exception that the court may find as fact the existence of a prior conviction).

3. Criminal History

In his final substantive claim, Petitioner contends that his criminal history is "egregiously overrepresented due to his age, previous convictions, limited education background and other relevant sentencing factors" and therefore Petitioner argues that he should receive a downward departure. (5:13-CV-00077, Doc. No. 1 at 7).[1] At the time Petitioner was sentenced he was thirty-six years of age and he had amassed enough criminal history points to qualify for a criminal history category of VI. The convictions which earned Petitioner criminal history points included assault with a deadly weapon (age 24); driving while impaired (DWI) (age 25); driving while license revoked (DWLR) (age 29); possession of stolen goods (age 30); four DWLR convictions at the age of 33; DWI (age 33); and another DWLR (age 34).

Far from overstated, Petitioner's criminal history shows a steady progression in intensity which culminated in his federal conviction for distribution of crack cocaine. Because this argument is wholly without merit, it will be dismissed.

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion is without merit and it will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** that:

---

[1] Petitioner's fourth ground for relief calls for an evidentiary hearing, however the Court finds that Petitioner has not presented any potentially meritorious grounds for relief so this claim will be dismissed.

1. Respondent's motion to dismiss Petitioner's § 2255 motion to vacate is **GRANTED**. (Doc. No. 7).

2. Petitioner's motion to seal is **DENIED**. (Doc. No. 9).

3. Petitioner's § 2255 motion to vacate is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 27, 2015

Richard L. Voorhees
United States District Judge